**PORTER v. EISERT et al.**

**Civ. A. No. 4871.**

District Court, W. D. Pennsylvania.

Oct. 14, 1946.

Loran L. Lewis, Dist. Enforcement Atty., and Samuel M. Chertoff, Chief, Food Enforcement Section, Pittsburgh District Office, O.P.A., both of Pittsburgh, Pa., for plaintiff.

Edward E. Petrillo, of Erie, Pa., for defendants.

GIBSON, District Judge.

The defendants, Anthony M. Eisert and Simon P. Eisert, were slaughterers of beef and veal carcasses at Belle Valley, Erie County, Pennsylvania. The Price Administrator has brought action against them, alleging that between September 2, 1944 and May 2, 1945, the defendants sold to divers customers veal carcasses and wholesale cuts of a total weight of 20,739½ pounds, at prices in excess of the maximum prices permitted by RMPR 169, said overcharges amounting to a total of $843.66. Upon said allegations he claims triple damages in the amount of $2,530.-98, and also prays an injunction against defendants to restrain them from further violations of the statute involved.

The Price Administrator offered the order books of the defendants showing the sales made by them between September 2, 1944 and May 2, 1945, and then called two of his agents, Horovitz and Stann, who testified that they had examined the order books, showing sales by defendants, that they had set out, in exhibits offered in evidence, the sales which had been made by respondents in the period in question and had been graded by them, and that such sales were made in excess of the maximum price permitted by the regulation. By the testimony of the agents of the Price Administrator the total excess over lawful charges was $843.66, and upon this amount the complaint claims triple damages in the sum of $2,530.98.

As stated, supra, the order books of respondents showing sales had been offered in evidence. An examination of them discloses a very considerable error on the part of the Administrator's agents in the preparation of the exhibits purporting to show the excess over lawful charges. As a matter of fact, respondents did not undertake to grade in their sales slips their veal sold until March 31, 1945, but the agents have included in their exhibits, as graded, various sales of veal between September 2, 1944 and March 31, 1945. The amount of these sales was $758.63 in excess of the sum claimed in the exhibits, and the amount of the veal actually classified by the respondents, as shown by their sales slips, showed an excess over the lawful rate of but $105.03.

The error of the agents in their attempt to grade the veal sold between September 2, 1944 and March 31, 1945, insofar as it may be possible to explain it, may be found in the agents' apparent interpretation of the method by which the respondents recorded their sales. The sales record could show, for example, a sale set forth as follows: "Eisert Bros, ship to John Rosenthal, Sept. 2, When 1944, 43 Veal a 22, $9.46." An examination of all the sales slips offered in evidence makes it plain that respondents, after indicating the weight

of the veal, followed with the "a" and the price per pound charged, but frequently the "a" more nearly resembled the small letter "c", and in some such instances the agents, despite a difference in price of the veal sold, have determined that the supposed "c" represented the grade of the veal. An examination of all the sales records will show that the "a" in the shape of "c" was repeated after March 31, 1945 and that from that date the respondents graded their veal by marking the classification in definite letters above the sale record, thus varying from their prior practice.

■ Finding that the agents of the Price Administrator had erroneously undertaken to determine the grade of the veal sold, and the overcharge from the grade, the court can only find that the Administrator is only entitled to a judgment of $315.09, triple amount of the overcharge established by the proof offered.

It is plain that the overcharge by respondents was in excess of the amount in the judgment, but the excess was not definitely established. The respondents claimed the right to charge above the lawful rate, in their testimony, by reason of their not having received a subsidy, but no definite proof of this amount of overcharge was established. It will be noted that the claim is confined to the overcharge, which is sustained only by partial proof. Had the claim contained an additional charge of failure to grade the meat, and the charge had been sustained by adequate proof, undoubtedly the regulations would have justified a judgment in excess of that which now can be allowed.

■ The court will find that the overcharge established was in amount of $105.-03, and that judgment against respondents shall be entered in the amount of $315.09, in triple of that sum for a wilful violation of the regulation. Also, despite testimony that respondents had ceased business, an injunction against future violations will be granted as prayed in the complaint.

## Judgment

And now, to wit, October 14, 1946, it is hereby ordered that judgment be entered against Anthony M. Eisert and Simon P. Eisert for the sum of $315.09.

And it is further ordered that said Anthony M. Eisert and Simon P. Eisert, their agents, employees, and servants be, and hereby are jointly and severally enjoined from selling, offering for sale or delivering any veal carcass or wholesale cut at a price higher than the maximum price established therefor by RMPR 169, so long as said regulation is in force.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Defendants, Anthony M. Eisert and Simon P. Eisert, partners doing business as Eisert Brothers, in the period commencing September 2, 1944, and ending May 2, 1945, were slaughterers and sellers of beef and veal carcasses at Belle Valley, Erie County, Pennsylvania.

2. The complainant, Paul A. Porter, is Administrator of the Office of Price Administration.

3. In the period commencing on September 2, 1944, and ending May 2, 1945, defendants sold 6,483½ pounds of veal at a total amount in excess of the maximum prices permitted and established by RMPR 169, Section 1364.466 to 1364.469, inclusive, said overcharges amounting to the sum of $105.03.

### Conclusions of Law

I. Defendants, Anthony M. Eisert and Simon P. Eisert, in the course of trade, wilfully violated the Regulation (RMPR 169, Section 1364.466 to 1364.469, inclusive) permitting and establishing the prices of veal carcasses.

II. Judgment should be entered against Anthony M. Eisert and Simon P. Eisert for the sum of $315.09, being triple damages for the sum of $105.03 charged by them in excess of the amounts permitted and established by law for the sale of veal.

III. An injunction should be entered against Anthony M. Eisert and Simon P. Eisert, enjoining and restraining them from selling, offering for sale or delivering veal carcasses or cold cuts at a price higher than the maximum price established therefor by RMPR 169.